**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

**HILCORP SAN JUAN, L.P.,**

    **Plaintiff,**

vs.                                                                    Civ. No.

**PETRO MEX, LLC,**

    **Defendant.**

---

**HILCORP SAN JUAN, L.P.'S COMPLAINT FOR BREACH OF CONTRACT,**
**BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING,**
**UNJUST ENRICHMENT, AND DECLARATORY RELIEF**
**AGAINST PETRO MEX, LLC**

---

For its Complaint for Breach of Contract, Breach of the Duty of Good Faith and Fair Dealing, Unjust Enrichment, and Declaratory Relief against Petro Mex, LLC ("Petro Mex"), Plaintiff Hilcorp San Juan, L.P. ("Hilcorp") states as follows:

**PARTIES, JURISDICTION, AND VENUE**

1. Plaintiff Hilcorp San Juan, L.P. is a Delaware Limited Partnership with its principal place of business in Houston, Texas. Hilcorp has one general partner and one limited partner. The general partner is Hilcorp Energy Company, which is a Texas corporation with its principal place of business in Houston, Texas. The limited partner is Hilcorp Energy I, L.P., which is a Texas limited partnership with one general partner that is a Texas corporation and two limited partners that are both Texas limited partnerships. No partners of Hilcorp Energy I, L.P. are citizens of New Mexico.

2. Upon information and belief, Defendant Petro Mex, LLC is a limited liability company with its principal place of business in Farmington, New Mexico, and its members are individual citizens of New Mexico.

3. Upon information and belief, there is complete diversity of citizenship among the parties.

4. The amount in controversy in this matter, exclusive of interest and costs, exceeds $75,000.00.

5. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332.

6. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b).

## GENERAL ALLEGATIONS

7. Hilcorp is the successor-in-interest to Conoco Inc. ("Conoco") regarding certain oil and gas leasehold interests in the San Juan Basin of New Mexico and Colorado.

8. As Conoco's successor, Hilcorp is the lessee of record on the following federal oil and gas leases: NMSF-080112, NMSF-078329, NMSF-078390, NMSF-078046, NMSF-079938, NMSF-078499, NMNM-013860A, and NMNM-05671. Per the Communitization Agreement Contract No. NMNM89346 attached hereto as **Exhibit 2**, NMSF 080101 was subsequently communitized with NMSF-080112 in 1992. Collectively, the foregoing leases are the "Leases."

9. The Leases cover certain acreage in Sections 8, 10, 11, 13, 14, 15, 16, 17, 22, 23, 24, and 25 of Range 8 West, Township 28 North, and Section 32 in Range 9 West, Township 28 North, NMPM in San Juan County, New Mexico (the "Subject Lands").

10. On or about October 23, 1991, Conoco executed a federal form Transfer of Operating Rights (Sublease) to Morgan Richardson Operating Company ("Richardson") for the Subject Lands (minus acreage under Lease NMSF 080101), as to depths from the surface to the

base of the Fruitland Coal formation. Conoco retained its record title. A true and correct copy of the Transfer of Operating Rights (Sublease), with Addendum, is attached hereto as **Exhibit 3**.

11. The Transfer of Operating Rights was approved by the federal Bureau of Land Management effective November 4, 1991.

12. The Transfer of Operating Rights (Sublease) expressly provides that "[u]pon approval of a transfer of operating rights (sublease), the sublessee is responsible for all lease obligations under the lease rights transferred to the sublessee." Transfer of Operating Rights, General Instructions 8, **Ex. 3**.

13. Conoco and Richardson attached an Addendum to the Transfer of Operating Rights (Sublease), which was separately supported by consideration, assigning the Subject Lands (minus acreage under Lease NMSF 080101), as to depths from the surface to the base of the Fruitland Coal formation, from Conoco to Richardson, in exchange for Conoco reserving an overriding royalty interest of thirty percent of eight-eights.

14. The Addendum expressly provides:

> This assignment is made subject to all the terms and the express and implied covenants and conditions of said lease(s) to the extent of the rights hereby assigned, which terms, covenants and conditions the Assignee hereby assumes and agrees to perform with respect to the lands covered hereby. Said terms, covenants and conditions, insofar as the said lease acreage is concerned, shall be binding on the Assignee, not only in favor of the lessor or lessors and their heirs, successor and assigns, but also in favor of the Assignor and its successors and assigns.

Transfer of Operating Rights, Addendum, Sections 6, **Ex. 3**.

15. The Addendum further provides:

> The terms, covenants and conditions hereof shall be binding upon, and shall inure to the benefit of, the Assignor and the Assignee and their respective heirs, successors or assigns; and such terms, covenants and conditions shall be covenants running with the lands herein described and the lease acreage herein assigned and with each transfer or assignment of said land or lease acreage.

3

Transfer of Operating Rights, Addendum, Sections 6 and 3, **Ex. 3**.

16. Richardson drilled wells under the Leases.

17. On or about June 1, 2020, Richardson assigned its operating rights in the wells under the Leases to Petro Mex (the "Petro Mex Wells"). A true and correct copy of the Assignment and Bill of Sale are attached hereto as **Exhibit 4**.

18. Each of the Leases require payment of royalty on oil and gas production to the federal government, through the Office of Natural Resources Revenue ("ONRR"), a bureau of the United Stated Department of Interior. As the operator of record of the Petro Mex Wells, Petro Mex is responsible for paying royalty on production from these wells to the federal government.

19. Hilcorp, as Conoco's successor, has no operating rights or working interest in the Petro Mex Wells.

20. Beginning in early August 2023, ONRR began sending Notices of Demand ("Demands") to Hilcorp for payment of royalty on production from the Petro Mex Wells, which Petro Mex has failed to timely pay. Hilcorp receives new demands regularly.

21. Hilcorp paid certain of the Demands but is presently appealing the majority of the Demands.

22. To date, ONRR is demanding unpaid royalty from Hilcorp, on production from the Petro Mex Wells, in the amount of more than $581,406.07.

23. Despite repeated demands, Petro Mex has refused to respond to Hilcorp's correspondence or address the outstanding royalty payments with either Hilcorp or, to Hilcorp's knowledge, the ONRR.

## COUNT I: BREACH OF CONTRACT

24. Hilcorp incorporates the foregoing allegations as though fully set forth herein.

25. Hilcorp and Petro Mex are bound by the terms and conditions of the Addendum and other assignments.

26. Hilcorp has performed all of its material obligations under the Addendum and other assignments.

27. Pursuant to the terms of the Addendum and other assignments, Petro Mex operates the Petro Mex Wells on the Leases, and is responsible for paying royalty to the federal government on production from these wells.

28. Petro Mex has breached the terms of the Addendum and other assignments by not timely paying royalty to the federal government, and other conduct.

29. As a result of Petro Mex's breaches, ONRR demanded that Hilcorp pay outstanding royalty on production from the Petro Mex Wells.

30. As a result of Petro Mex's breach of the Addendum and other assignments, Hilcorp has suffered damages in an as-yet undetermined amount to be proven at trial.

## COUNT II: BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING

31. Hilcorp incorporates the foregoing allegations as though fully set forth herein.

32. The Addendum and other assignments imply a duty of good faith and fair dealing on Petro Mex. The duty of good faith and fair dealing prohibits Petro Mex from doing anything to injure the rights of Hilcorp to the benefit of the agreements.

33. By reason of it receiving the benefits of production from the Petro Mex Wells without paying royalty to the federal government on such production, resulting in the ONRR

demanding Hilcorp pay the royalty, and other conduct, Petro Mex breached the duty of good faith and fair dealing.

34. As a result of Petro Mex's breach of the duty of good faith and fair dealing, Hilcorp has suffered damages in an as-yet undetermined amount to be proven at trial.

### COUNT III: UNJUST ENRICHMENT (IN THE ALTERNATIVE)

35. Hilcorp incorporates the foregoing allegations as though fully set forth herein.

36. Petro Mex received the benefits of production from the Petro Mex Wells on Leases from which Hilcorp is the lessee of record with the federal government, including but not limited to proceeds from the sale of such production.

37. Notwithstanding this benefit, Petro Mex has refused to timely pay royalty on production from the Petro Mex Wells to the federal government.

38. ONRR has demanded that Hilcorp pay the outstanding royalty that Petro Mex has failed to timely pay.

39. It would be unjust to allow Petro Mex to retain the benefit of production without paying federal royalty.

40. It would be unjust for Hilcorp to pay royalty on production from which it received no benefit.

41. Hilcorp is entitled to restitution from Petro Mex.

### COUNT IV: DECLARATORY RELIEF

42. Hilcorp incorporates the foregoing allegations as though fully set forth herein.

43. There is an actual controversy between Hilcorp and Petro Mex regarding which party is responsible for paying outstanding royalty to the federal government on the Petro Mex Wells.

44. The Court is empowered to resolve the controversy pursuant to 28 U.S.C. § 2201.

45. Hilcorp is entitled to a judgment from the Court declaring that Petro Mex is responsible for paying royalty on production from the Petro Mex Wells, pursuant to the Addendum and other assignments.

## PRAYER FOR RELIEF

WHEREFORE, Hilcorp respectfully requests the following relief:

A. Compensatory and consequential damages or, in the alternative, restitution;

B. Punitive damages;

C. Declaratory relief that Petro Mex is responsible for paying royalty to the federal government on production from the Petro Mex Wells, pursuant to the Addendum and other assignments;

D. Litigation expenses, including reasonable attorney fees;

E. Pre- and post-judgment interest; and

F. Such other legal and/or equitable relief as the Court deems just and proper.

Respectfully submitted,

**HOLLAND & HART LLP**

By: */s/ Robert J. Sutphin*
Robert J. Sutphin
Julia Broggi
110 North Guadalupe, Suite 1
P.O. Box 2208
Santa Fe, New Mexico 87504-2208
(505) 988-4421
rsutphin@hollandhart.com
jbroggi@hollandhart.com

**Attorneys for Plaintiff Hilcorp San Juan, L.P.**

31186691_v3