IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

HILCORP SAN JUAN, L.P,

        Plaintiff,

vs.                                                                                     1:24-cv-00067-DHU-LF

PETRO MEX, LLC,

        Defendant.

## ORDER FOR FURTHER RULE 7.1 DISCLOSURE

THIS MATTER is before the court *sua sponte* for jurisdictional purposes. Plaintiff Hilcorp San Juan, L.P. filed its complaint in this Court on August 31, 2023, based on diversity jurisdiction. Doc. 1. On February 9, 2024, plaintiff filed a corporate disclosure statement in which it identified Hilcorp Energy Company, a Texas corporation, as its general partner, and Hilcorp Energy I, L.P., a Texas limited partnership, as its sole limited partner. Doc. 4. Hilcorp Energy I, L.P., counts among its members two further Texas limited partnerships. *Id.* Defendant has not filed a Rule 7.1 disclosure statement. The information provided by the parties is insufficient to confirm the diversity of citizenship necessary to establish jurisdiction under 28 U.S.C. § 1332(a).

"Supreme Court precedent makes clear that in determining the citizenship of an unincorporated association for purposes of diversity, federal courts must include all the entities' members." *Siloam Springs Hotel, L.L.C. v. Century Sur. Co.*, 781 F.3d 1233, 1237–38 (10th Cir. 2015) (citing *Carden v. Arkoma Assocs.*, 494 U.S. 185, 195–96 (1990)) (other citations omitted); *see also Americold Realty Trust v. Conagra Foods, Inc.*, 577 U.S. 378, 380 (2016) (affirming the Tenth Circuit's holding that "the citizenship of any 'non-corporate artificial entity' is determined by considering all of the entity's 'members'"). This requirement applies to limited partnerships

and limited liability companies. *See Grynberg v. Kinder Morgan Energy Partners, L.P.*, 805 F.3d 901, 905–06 (10th Cir. 2015). Plaintiff therefore must name and provide complete citizenship information about each of its members, including the principal place of business of each corporation, *see* 28 U.S.C.A. § 1332(c)(1), and "trace" the citizenships of unincorporated associations "down the various organizational layers where necessary." *Mullins v. TestAmerica, Inc.*, 564 F.3d 386, 397 (5th Cir. 2009); *see also* FED. R. CIV. P. 7.1(a)(2). Defendant must do the same and also must file a statement that "identifies any parent corporation and any publicly held corporation owning 10% or more of its stock [or] states that there is no such corporation." FED. R. CIV. P. 7.1(a)(1).

Accordingly, within 21 days of the date of this order, each party shall file a Rule 7.1 disclosure statement that "name[s]—and identif[ies] the citizenship of—every individual or entity whose citizenship is attributed to that party," FED. R. CIV. P. 7.1(a)(2), and, in the case of the defendant, that fulfills the requirements of FED. R. CIV. P. 7.1(a)(1).

IT IS SO ORDERED.

_____
Laura Fashing
United States Magistrate Judge