IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

HILCORP SAN JUAN, L.P,

        Plaintiff,

vs.     No. 1:24-cv-00067-SMD-LF

PETRO MEX, LLC; RICHARDSON
PRODUCTION COMPANY; and RICHARDSON
OPERATING COMPANY,

        Defendants,

and

RICHARDSON OPERATING COMPANY,

        Cross-Claimant,

vs.

PETRO MEX, LLC,

        Cross-Defendant.

## ORDER GRANTING MOTION TO WITHDRAW

THIS MATTER is before the Court on the amended motion to withdraw as counsel filed by Pete V. Domenici, Jr., attorney for defendant and cross-defendant Petro Mex, LLC. Doc. 51. Plaintiff Hilcorp San Juan, L.P. opposes the motion. Doc. 56. Neither Petro Mex nor Richardson Operating Company filed any opposition to the motion.

I find good cause to grant Mr. Domenici's motion. The Court has "wide discretion to grant … an attorney's motion to withdraw" for "good cause" shown. *Loycok v. Vigil-Richards*, No. 23-CV-01050-JCH-JFR, 2025 WL 590440, at *2 (D.N.M. Feb. 24, 2025). Mr. Domenici has shown good cause to withdraw, as he "has been unable to maintain regular communication with [Petro Mex] to maintain adherence with court-ordered deadlines." Doc. 51 at 1; *see also*

Doc. 33 (clerk's minutes for October 17, 2024 status conference where communication issues were discussed). Where, as here, "communication and cooperation" between client and counsel have "broken down," good cause exists, as an attorney "cannot be expected to continue representing a client that refuses to cooperate or even engage with counsel in any meaningful way." *Laycock*, 2025 WL 590440, at *2. Mr. Domenici is therefore terminated as counsel for Petro Mex in this matter.

The Clerk is directed to promptly serve this order on Petro Mex at the mailing and email addresses that Mr. Domenici provided to the Court on February 20, 2025. *See* Doc. 55.

Petro Mex is reminded that, as a business entity, it "*must* be represented by an attorney authorized to practice before this Court" and cannot appear pro se in this lawsuit. D.N.M.LR-Civ. 83.7 (emphasis added). "Absent entry of appearance by a new attorney" after Mr. Domenici's withdrawal, "any filings made by [Petro Mex without counsel] may be stricken and default judgment or other sanctions imposed." D.N.M.LR-Civ. 83.8(c); *see also, e.g.*, *Two Old Hippies, LLC v. Catch the Bus, LLC*, 784 F. Supp. 2d 1221, 1230 (D.N.M. 2011) ("Default judgment is a proper sanction when a party [business entity] fails to be represented by an attorney in federal court."). Petro Mex therefore shall have until **March 27, 2025**, to obtain new counsel and for new counsel to enter an appearance on behalf of Petro Mex. Petro Mex will have until **April 7, 2025**, to respond to any outstanding discovery requests. All other deadlines as outlined in the Court's second scheduling order, Doc. 54, remain in effect.

IT IS SO ORDERED.

_____
Laura Fashing
United States Magistrate Judge