IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

HILCORP SAN JUAN, L.P,

        Plaintiff,

vs.                                                                                       No. 1:24-cv-00067-SMD-LF

PETRO MEX, LLC, et al.,

## ORDER

THIS MATTER is before the Court on plaintiff Hilcorp San Juan L.P.'s July 3, 2025, motion to compel defendant Petro Mex, LLC to respond to written discovery requests and for fees and costs incurred in bringing the motion. Doc. 60. The motion is granted.

After allowing Petro Mex's counsel to withdraw from this case, the Court gave Petro Mex until March 27, 2025, to obtain new counsel and until April 7, 2025, to respond to "any outstanding discovery requests." Doc. 57 at 2. The Court stated:

> Petro Mex is reminded that, as a business entity, it "*must* be represented by an attorney authorized to practice before this Court" and cannot appear pro se in this lawsuit. D.N.M.LR-Civ. 83.7 (emphasis added). "Absent entry of appearance by a new attorney" after Mr. Domenici's withdrawal, "any filings made by [Petro Mex without counsel] may be stricken and default judgment or other sanctions imposed." D.N.M.LR-Civ. 83.8(c); *see also, e.g.*, *Two Old Hippies, LLC v. Catch the Bus, LLC*, 784 F. Supp. 2d 1221, 1230 (D.N.M. 2011) ("Default judgment is a proper sanction when a party [business entity] fails to be represented by an attorney in federal court.").

*Id.* Petro Mex did not comply with this order. No attorney has entered an appearance for Petro Mex, and Petro Mex has not responded to Hilcorp's discovery requests. *See* Doc. 60. Petro Mex also failed to respond to Hilcorp's motion to compel. *See* D.N.M.LR-Civ. 7.4(a) ("A response must be served and filed within fourteen (14) calendar days after service of the motion.").

Hilcorp's motion to compel is therefore granted in its entirety, as the "failure of a party to file and serve a response in opposition to a motion within the time prescribed for doing so

constitutes consent to grant the motion." D.N.M.LR-Civ. 7.1(b).

The Court will give Petro Mex two more weeks—until **August 5, 2025**—to find a lawyer and answer Hilcorp's discovery requests. If Petro Mex does not comply with this order, Hilcorp will have strong grounds to file a motion for default judgment before the presiding judge in this case, United States District Judge Sarah Davenport. *E.g.*, *Two Old Hippies*, 784 F. Supp. 2d at 1230 ("Default judgment is a proper sanction when a party [business entity] fails to be represented by an attorney in federal court.").

Hilcorp is awarded "reasonable expenses, including attorney's fees, incurred in bringing" its motion to compel, to be calculated at a later date. *See* FED. R. CIV. P. 37(a)(5) ("If the motion [to compel] is granted … the court must, after giving an opportunity to be heard, require the party … whose conduct necessitated the motion … to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees."). Hilcorp shall file a statement of the expenses that it incurred in bringing its motion by **August 5, 2025**. Petro Mex will have until **August 19, 2025**, to file any objections to the requested expenses.

IT IS SO ORDERED.

_____
Laura Fashing
United States Magistrate Judge